**KAIWIKI SUGAR CO., Limited, v. BURNET, Commissioner of Internal Revenue.**

No. 5559 I.

Court of Appeals of the District of Columbia.

Argued Dec. 6, 1932.

Decided Feb. 6, 1933.

L. Karlton Mosteller, of Washington, D. C., for appellant.

G. A. Youngquist, C. M. Charest, Sewall Key, E. N. Griswold, and Lloyd W. Creason, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal arises upon a ruling of the Commissioner of Internal Revenue, sustained by the Board of Tax Appeals, ascertaining the net loss shown by a consolidated return made by a group of affiliated corporations, and determining the proportion thereof which one of the affiliated group might carry forward into its separate return for the next succeeding year. The issues call for particular reference to sections 204, 214 (a) and 240, Revenue Act of 1921 (42 Stat. 231, 239, 260). The Board's opinion is reported in 21 B. T. A. 997.

It appears that for the taxable year 1921 the appellant, Kaiwiki Sugar Company, was a member of an affiliated group of five corporations which submitted a consolidated return of income. The net incomes and net losses of the individual members of the affiliated group for the year 1921, as finally de-

termined and approved by the Commissioner of Internal Revenue are as follows:

Commissioner, in computing its net taxable income for the years 1922 and 1923, refused

| Names of members of affiliated group | Amounts of net income or loss from the operation of individual members | Income from dividends received by each member | Net income plus dividends or net loss of each member |
|---|---|---|---|
| Theo. H. Davies & Co. Ltd............................... | [1] $287,207.78 | $110,169.40 | [3] $397,377.18 |
| Kaiwiki Sugar Co., Ltd................................... | [2] 220,564.20 | None. | [4] 220,564.20 |
| Kukaiau Ranch Co., Ltd................................. | [2] 4,131.35 | 2,107.00 | [4] 2,024.35 |
| Davies Bldg. Co., Ltd................................... | [2] 55,484.59 | None. | [4] 55,484.59 |
| Pearl City Fruit Co., Ltd............................... | [2] 132,871.71 | None. | [4] 132,871.71 |
| | | | |
| Loss exclusive of income from dividends........ | 125,844.07 | .................... | .................... |
| Total income received from dividends............. | .................... | 112,276.40 | .................... |
| Statutory net loss of affiliated group........... | .................... | .................... | 13,567.67 |

[1] Net income.    [2] Loss.    [3] Income.    [4] Net loss.

According to the foregoing table, it appears that the appellant taxpayer, if separately considered, suffered a net loss in the year 1921 in the sum of $220,564.20; that it received no returns from nontaxable dividends in that year; that the total loss of the affiliated corporations, exclusive of income from nontaxable dividends, was $125,844.07; that the total income received in that year by the group from nontaxable dividends was $112,276.40; and that the statutory net loss of the affiliated group as computed by the Commissioner was $13,567.67. Accordingly, no income tax was assessed against the affiliated corporations for the taxable year 1921.

For the taxable years 1922 and 1923 the appellant filed a separate income return, and carried forward as a deduction in this return the full amount of its separate net loss for 1921, to wit, the sum of $220,564.20. This claim was made under section 204 (b) of the Revenue Act of 1921. The Commissioner refused to allow this deduction, but permitted a deduction of $6,641.60 for the year 1922, which he apportioned as appellant's net loss as a member of the affiliated group for 1921. This apportionment was accomplished by allotting to each member of the group, which, if considered separately, would have sustained a net loss, such a proportion of the consolidated net loss as the net loss of the member sustained to the aggregate net loss of the group. No such deduction was allowed to appellant for the year 1923, inasmuch as the net loss thus carried over was absorbed by the return for 1922. This action of the Commissioner was sustained upon appeal by the Board of Tax Appeals, whereupon the present appeal was taken.

Appellant's complaint as set out in its petition filed with the board is that the to allow it to carry forward as a deduction the full net loss separately sustained by it for the calendar year 1921, such net loss amounting as aforesaid to $220,564.20. Appellant therefore prayed that the Board should find it entitled to a deduction in that sum in computing its taxable income for the years 1922 and 1923.

In this court, however, the petitioner's contention is that, in computing the portion of the net loss which it could carry forward to the years 1922 and 1923, the nontaxable dividends received by its affiliates should be disregarded, and that the combined loss of the affiliated group should not be reduced by the nontaxable income of any of its members before the apportionment thereof to the several members of the group.

It may be doubted whether the latter question is properly before us upon this appeal, inasmuch as it was not specifically presented to the Board of Tax Appeals. Nevertheless, appellant's several contentions are so closely interrelated that we feel justified in considering them together in this opinion.

Upon a review of the record, we are convinced that both contentions of the appellant are erroneous.

█ It is plain beyond dispute that it was not the legislative intent to permit a member of an affiliated group joining in a consolidated return to make use of its separate net loss for 1921 as an offset against the net gains of its associate members in that year, thereby reducing the net income of the combined group, and at the same time permit it to make use of such net loss as a deduction in its separate return for the years 1922 and 1923. Such a procedure obviously would result in allowing a double deduction for the net

824

loss of such member of the group, first, as an offset in the consolidated return for 1921; and, second, as a deduction in the subsequent separate return of the member for 1922 and 1923. Therefore appellant's claim for a deduction of its entire net loss for 1921, in computing its income taxes for the years 1922 and 1923, is overruled. Swift & Co. v. United States (Ct. Cl.) 38 F.(2d) 365.

The second contention of appellant is likewise untenable. The computation made by the Commissioner whereby the "net loss" of the affiliated group, to wit, $125,844.07, is offset in part by the addition to gross income of tax exempt dividends received by the group in the sum of $112,276.40, leaving a statutory net loss of $13,567.67, reaches a correct result according to the terms of the statute. The Commissioner did not err in holding that the tax exempt dividends should be included in gross income for the purpose of determining the amount of the statutory net loss to be carried forward by appellant. Sections 204 and 240, Revenue Act of 1921. Cf. General Securities Corporation, 23 B. T. A. 130; Crocker First Nat. Bank v. Commissioner, 26 B. T. A. 1078; Adams Case, 19 B. T. A. 781; Schlesinger Case, 5 B. T. A. 943; Warren Steam Pump Co., 23 B. T. A. 585; Orr & Sembower v. Commissioner, 20 B. T. A. 605. See Woolford Realty Co., Inc., v. Rose, Collector, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128.

The decision of the Board of Tax Appeals is affirmed.